Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 50323 | **DATE** | 3/8/2001 |
| **CASE TITLE** | USA ex rel. Smith vs. Gramley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. Smith's petition for a writ of habeas corpus is denied. All other pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 09 2001 | |
| | Notified counsel by telephone. | | date docketed | 51 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
IVORY SMITH, )
 )
 )
           Petitioner,     )     97 C 50323
 )
    v.                     )
 )     Judge George M. Marovich
RICHARD B. GRAMLEY,        )
 )
           Respondent.     )

MEMORANDUM OPINION AND ORDER

Following a jury trial in the Circuit Court of Winnebago County, Petitioner Ivory Smith ("Smith") was convicted of murder and sentenced to a term of 60 years of imprisonment. Smith, proceeding pro se, now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming that: 1) the trial court's mistaken finding regarding a central fact in his testimony denied him due process and a fair trial; 2) he was denied effective assistance of counsel; and 3) he was denied the right to a jury trial. For the reasons set forth below, the Court denies Smith's petition.[1]

---

[1] Smith's habeas petition was originally assigned to Judge Philip G. Reinhard. He recused himself and the case was thereafter reassigned to this Court.

1

## BACKGROUND

In reviewing a habeas petition, the Court presumes that the factual findings of the state court are correct. 28 U.S.C. § 2254(e)(1). Thus, the Court adopts the facts as set forth by the Appellate Court of Illinois in <u>People v. Smith</u>, No. 83 CR 930 (Ill. App. Ct. 2d Dist. Dec. 31, 1984).

The events leading to Smith's conviction occurred on January 1, 1983. Smith and his step-brother, Charles Kidd, burglarized the Rockford home of Ethel Stafford ("Stafford"), a 90-year-old woman. In the course of that burglary, Smith and Kidd killed Stafford by way of beating or strangling her.

Following a jury trial, Smith was convicted of murder and sentenced to a term of 60 years of imprisonment. Smith appealed his conviction to the Appellate Court of Illinois, contending that: 1) the trial court erred in failing to suppress the statement he made as a result of an unlawful arrest, and 2) the trial court erred in denying jury instructions on withdrawal and the defense of intoxication. On December 31, 1984, the Appellate Court of Illinois affirmed Smith's conviction.

Smith then filed a petition for leave to appeal to the Illinois Supreme Court alleging that the trial court erred in: 1) denying his motion to suppress the inculpatory statement obtained

2

through an unlawful arrest; and 2) refusing to instruct the jury on withdrawal and the defense of intoxication. The Illinois Supreme Court denied Smith's petition on April 2, 1985.

Smith also filed a pro se post-conviction petition on October 22, 1987, arguing that his due process rights were violated because of: 1) improper peremptory challenges by the State; 2) prejudicial pre-trial publicity; 3) prosecutorial misconduct; and because 4) grand jury transcripts were not provided to him. Smith's post-conviction petition was dismissed on August 5, 1994 and he appealed the dismissal contending that the court erred in dismissing the petition because: 1) there were factual questions about whether he was denied due process through prosecutorial misconduct; and 2) his counsel had not amended his petition to adequately present Smith's contentions pursuant to Sup. Ct. R. 651(c). The Appellate Court of Illinois affirmed the dismissal of his post-conviction petition on November 21, 1996.

Smith subsequently filed a pro se petition for leave to appeal with the Illinois Supreme Court in which he claimed that: 1) the trial court misstated his testimony which denied him due process and a fair trial; and 2) his sentence represented an abuse of discretion. The Illinois Supreme Court denied his petition on January 27, 1997.

On September 8, 1997, Smith filed the instant petition for writ of habeas corpus, claiming he was denied his right to a fair and impartial trial: a) due to prosecutorial misconduct (Claim 1); b) because the State failed to provide him with transcripts of the grand jury hearing (Claim 2); 3) due to pre-trial publicity (Claim 3); d) due to the State's improper peremptory challenges (Claim 4); e) due to ineffective assistance of trial and appellate counsel (Claims 5-7); f) because the court erred in denying his motion to suppress his inculpatory statement given as a result of an unlawful arrest (Claim 8); and g) because the trial court erred to instruct the jury on the defenses of withdrawal and intoxication (Claim 9).

## DISCUSSION

I. Exhaustion and Procedural Default

Before reaching the merits of Smith's petition, the Court must first examine whether Smith has satisfied the two procedural requirements for habeas review: exhaustion of available state remedies and avoidance of procedural default. Moleterno v. Nelson, 114 F.3d 629, 633-34 (7th Cir. 1997). A state prisoner exhausts his state remedies by presenting his claims fully and fairly to the state courts. Howard v. O'Sullivan, 185 F.3d 721, 724 (7th Cir. 1999). A petitioner must give "the state courts

4

one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In this case, the State concedes that Smith has exhausted all available state remedies and the Court agrees.

As for procedural default, however, the State maintains that Smith is procedurally barred from raising his claims of denial of the right to a fair trial, prosecutorial misconduct and ineffective assistance of counsel (Claims 1-7) because he failed to properly present those claims to the state courts. Procedural default may occur in one of two ways: 1) a petitioner may fail to properly raise an issue on direct or post-conviction review, at the time and in the way required by the state, Hogan v. McBride, 74 F.3d 144, 146 (7th Cir. 1996); or 2) a state court has disposed of a petitioner's claim on a state law ground that is an "adequate" basis for the court's decision and "independent of the merits of the claim," Coleman v. Thompson, 501 U.S. 722, 729-32 (1991). The Seventh Circuit has instructed that "[f]or a state procedural ground to bar review, the state court must actually have relied upon the procedural bar as an independent basis for its disposition of the case." Willis v. Aiken, 8 F.3d 556, 561 (7th Cir. 1993). Thus, "a court must first ascertain whether the

5

state court decision fairly appears to rest on federal grounds or is interwoven with federal law." Id. at 565 (citing Coleman, 501 U.S. at 735).

In the present case, Smith failed to raise his first[2] through seventh habeas claims--that prosecutors committed misconduct by failing to bring the amended indictment before the grand jury and by making inappropriate comments in front of the jury; that prosecutors failed to provide him grand jury transcripts; that his conviction was based on unfair pre-trial publicity and improper peremptory challenges; that his trial counsel was ineffective because he failed to assure the legitimacy of the charging instrument; that his appellate counsel was ineffective because he failed to appeal an issue dealing with responses given to questions posed by the jurors; and that both his trial and appellate counsel were ineffective because they failed to object to or appeal the fact that the evidence did not support the indictment--in either his direct appeal or his petition for post-conviction review. Therefore, because the

---

[2] Smith's first claim is a compound claim with three bases of prosecutorial misconduct. The first to bases--failure to bring the amended indictment before the Grand Jury and commenting inappropriately before the jury--are discussed here. For discussion of the third basis--drawing swastikas in front of the jury--see infra p.7.

state courts were not fairly presented with Smith's claims of being denied the right to a fair trial, and prosecutorial misconduct and ineffective assistance of counsel, these claims are procedurally barred. See Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991).

One basis of Smith's first claim--that the prosecutor drew swastikas on Smith's files which prejudiced the jury against him--was raised in state court. The State contends that this claim is procedurally defaulted because it was decided by the Appellate Court of Illinois pursuant to independent and adequate state grounds. Specifically, the State contends that the Illinois state court rejected Smith's claim because he failed to comply with state procedural rules.

Smith initially raised this claim of prosecutorial misconduct in his direct appeal. In affirming the judgement of the circuit court, the Appellate Court of Illinois found that "[b]ecause the defendant did not argue in his petition [for post-conviction relief] that [the prosecutor's] drawing of swastikas was prejudicial, he has waived review of that claim." People v. Smith, No. 2-94-0938, slip op. at 3 (Ill. App. Ct. 2d Dist. Nov. 21, 1996). The Appellate Court of Illinois's reliance on waiver in rejecting Smith's prosecutorial misconduct claim is an

7

independent and adequate state grounds for denying the claim. See Aliwoli v. Gilmore, 127 F.3d 632, 634 (7th Cir. 1997); Lostutter v. Peters, 50 F.3d 392, 394 (7th Cir. 1995); see also Shimer v. Barnett, 97 CV 3055, 1998 WL 774972, at *5 (N.D. Ill. Oct. 27, 1998)(finding procedural default where the Illinois Appellate Court held that petitioner had waived an argument by failing to object at trial). The state court's disposal of the issue on independent and adequate state grounds precludes this Court's review on a petition for habeas relief. Id. While it is possible that this Court may not have come to the same conclusion as the state court did with respect to the waiver issue in Smith's appeal, such a possibility is irrelevant. A federal court reviewing a state court decision is bound by a procedural default finding by a state court under its own laws. See White v. Peters, 990 F.2d 338, 340 (7th Cir. 1993). Therefore, Smith's prosecutorial misconduct claim based on the alleged swastika drawings is forfeited.

A federal court may nonetheless reach the merits of procedurally defaulted habeas claims if the petitioner demonstrates cause sufficient to excuse the procedural default and actual prejudice resulting from a failure to obtain review of the merits. Coleman, 501 U.S. at 750. Alternatively, a court

may reach the merits of procedurally defaulted claims if the petitioner "demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice." Id. Here, however, Smith does not set forth any such cause or prejudice in his habeas petition, nor does he attempt to demonstrate that failure to reach the merits of his claims will result in a miscarriage of justice. Therefore, these claims are procedurally defaulted, and this Court is precluded from addressing their merits.

II. Opportunity For Full and Fair Litigation

Smith also raises a claim that the trial court erred in failing to suppress his inculpatory statement which was allegedly the result of an unlawful arrest (Claim 8). In Stone v. Powell, 428 U.S. 465, 481 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." The essential premise of the Supreme Court's analysis was the presumption that state courts take Fourth Amendment claims seriously. United States ex rel. Bostick v. Peters, 3 F.3d 1023, 1026 (7th Cir. 1993).

9

A habeas corpus petitioner has received an opportunity for full and fair litigation of his Fourth Amendment claim in state court when (1) the petitioner has clearly informed the state court of the factual basis for his claim and argued that those facts constitute a violation of his Fourth Amendment rights; and (2) the state court has carefully and thoroughly analyzed the fact and applied the proper constitutional case law to the facts. Turentine v. Miller, 80 F.3d 222, 2243 (7th Cir. 1996)(citing Pierson v. O'Leary, 9595 F.2d 1385, 1391 (7th Cir. 1992); see also Bostick, 3 F.3d at 1026.

Here, the record reveals that Smith clearly informed the Illinois courts of the factual basis for his Fourth Amendment claim. In his pre-trial motion to suppress and brief on appeal, Smith presented the same factual allegations that he presents now--that he was arrested without probable cause and that following that arrest he was prodded into confessing.

This Court finds that, the Illinois courts carefully analyzed the facts alleged by Smith in support of his Fourth Amendment claim and applied the proper constitutional standard to that claim. Smith has not provided this Court with any reason to question the Illinois courts' application of the constitutional standards to the facts alleged in support of his Fourth Amendment

10

claim. Thus, this Court concludes that the Illinois courts provided Smith a full and fair opportunity to litigate his claim. Accordingly, pursuant to Stone, Smith is not entitled to federal habeas corpus review of his claim that Illinois courts unconstitutionally allowed the jury to hear his inculpatory statement.

III. Merits[3]

Smith did, however, avoid procedural default of one of his cognizable habeas claims--that the trial court's refusal to instruct the jury on the defenses of withdrawal and intoxication deprived him of a fair trial (Claim 9). Accordingly, the Court proceeds to the merits of this claim.

For claims that survive the exhaustion and procedural default analysis, the standard of review is strict. Under § 2254(d), habeas relief may only be awarded in two situations. First, habeas relief may be awarded where the state court's adjudication of a petitioner's claim "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United

---

[3] As an initial matter, the Court finds that no evidentiary hearing is necessary to resolve the issues contained in Smith's petition. See Rules Governing § 2254 Cases, Rule 8(a).

11

States," 28 U.S.C. § 2254(d)(1).[4]  Second, habeas relief may be awarded where the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(2).

Smith claims that the trial court's failure to instruct the jury on the defenses of withdrawal and intoxication deprived him of due process and a fair trial.  Initially, the Court notes that Smith's habeas petition fails to cite any federal case law or to identify how he believes the state's decision was contrary to, or involved an unreasonable application of, federal law.  Instead, Smith merely alleges that the trial court's "failure to instruct the jury on the defense of withdrawal and the defense of intoxication denied [him] Due Process under the United states

---

[4]  The first phrase of § 2254(d)(1)--authorizing habeas relief when the state court's decision is "contrary to . . . clearly established federal law as determined by the Supreme Court"--pertains only to questions of law.  See Lindh v. Murphy, 96 F.3d 856, 868 (7th Cir. 1996)(en banc), rev'd on other grounds, 521 U.S. 320 (1997).  The second phrase of § 2254(d)(1)--authorizing habeas relief when the state court's decision "involved an unreasonable application of the clearly established federal law as determined by the Supreme Court"--pertains to mixed questions of law and fact.  Id. at 870.  A state court's application of Supreme Court precedent is reasonable if it is "at least minimally consistent with the facts and circumstances of the case."  Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir. 1997).

Constitution." (Habeas Pet. at 7.) In any event, this Court, finds that the Illinois court's decision was neither inconsistent with clearly established federal law nor based on an unreasonable determination of the facts in light of the evidence presented. This Court agrees with the Illinois Appellate Court that "[t]he evidence presented . . . does not indicate defendant made any effort to withdraw from the offense," <u>Smith</u>, slip. op. at 6, and that "there was insufficient evidence that defendant's intoxication negated the requisite mental state." <u>Id.</u> at 7.

Accordingly, the Court finds that Smith's habeas claim based on the trial court's failure to instruct the jury on the defenses of withdrawal and intoxication is without merit.

## CONCLUSION

For the reasons stated above, Smith's petition for a writ of habeas corpus is denied. All other pending motions are denied as moot.

ENTER:

GEORGE M. MAROVICH
UNITED STATES DISTRICT JUDGE

DATED: March 8, 2001